# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

STEVEN LEE CRAIG,              )
                                   )
    Plaintiff,              )
                                   )
vs.                            )   Case No. CIV-09-0343-F
                                   )
THE UNITED STATES OF AMERICA,  )
                                   )
    Defendant.              )

## **ORDER**

Plaintiff's motion for leave to amend, filed April 14, 2009, is before the court. (Doc. no. 11.) No response has been received.

### Standards

Plaintiff appears *pro se*, and his pleadings are liberally construed.

Rule 15(a)(1)(A), Fed. R. Civ. P., provides that prior to being served with a responsive pleading a party may amend its pleadings once as a matter of course. Leave to amend, however, need not be granted when it would be futile because the proposed amended complaint fails to state a claim. *See*, McKinney v. State of Oklahoma, 925 F.2d 363, 365 (10th Cir. 1991) (affirming dismissing under 28 U.S.C. § 1915(d) for failure to state a claim, without leave to amend; citing authorities for the more general proposition that a court may dismiss a claim *sua sponte*, without leave to amend, where a claimant cannot possibly win relief).

In the circumstances of this action, where the court has already entered one order which found the original complaint incomprehensible and frivolous[1] (order at doc. no. 8), it is appropriate to review the proposed First Amended Complaint *sua*

---

[1] "Frivolous" is a legal term, which does not suggest any bad faith or improper motive on the part of the plaintiff.

*sponte*, under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, before determining whether leave to amend should be given.

Whether evaluating jurisdiction over the subject matter under Rule 12(b)(1) or whether evaluating the complaint for failure to state a cause of action under Rule 12(b)(6), the plaintiff enjoys similar safeguards; the allegations of the complaint should be construed favorably to the pleader and the court will not look beyond the face of the complaint to determine jurisdiction. *See*, *e.g.*, Sea Vessel Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994) (non-moving party receives the same protection with respect to 12(b)(1) as it would defending against a motion brought under Rule 12(b)(6), quoting Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990)); 2 Moore's Federal Practice, § 12.30[4] (Matthew Bender 3d ed.) The inquiry under Rule 12(b)(6) is whether the complaint contains enough facts to state a claim for relief that is plausible on its face. Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir., 2007), quoting Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1969,1974 (2007). A plaintiff must nudge his claims across the line from conceivable to plausible. *Id.* The mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims. Ridge at Red Hawk, 493 F.3d at 1177. In conducting its review, the court assumes the truth of the plaintiff's well-pleaded factual allegations and views them in the light most favorable to the plaintiff. *Id.*

Because it conducts its review of the proposed amended complaint *sua sponte*, the court also notes the following standards. The court has a duty to determine its own jurisdiction. Tuck v. United Services Automobile Association, 859 F.2d 842 (10th Cir. 1988). If a complaint is wholly insubstantial or frivolous, it may be argued that

plaintiff has failed to present a federal question and the complaint may be dismissed on this ground for lack of subject matter jurisdiction or on the related ground of failure to state a claim, although dismissal on the merits is likely the preferred option. See discussion in <u>Davoll v. Webb</u>, 194 F.3d 1116,1129 (10th Cir. 1999) and authorities cited there. Moreover, when it is obvious that a proposed complaint cannot possibly win relief, it may be dismissed by the court *sua sponte* under Rule 12(b)(6) even when no leave to amend has ever been given. See <u>McKinney</u>, 925 F.2d at 365 and authorities cited there.

## Discussion

The proposed amended complaint, while more understandable than the original complaint, is still difficult to understand in certain respects. It also does not constitute a concise statement of the relief sought. In some ways the complaint is more akin to an article than a claim for judicial relief.

Despite these problems, the court has made every effort to understand the gist of the proposed amended complaint. To the extent it is comprehensible to this court, the amended complaint appears to addresses an esoteric question concerning plaintiff's proposed differences between citizenship based on naturalization as compared to citizenship based on being a natural born citizen. The amended complaint discusses plaintiff's contention that there is a distinction (to which the motion for leave to amend assigns a token value of two cents per each natural born citizen), between rights of citizenship as they attach to these two classes of citizens. The amended complaint asserts discrimination against plaintiff based on Congress's failure to enact laws making this distinction apparent. Plaintiff argues that, in a way that is not the case with respect to naturalized citizens, the failure of Congress and the Executive Branch to make laws regarding his rights as a naturally born citizen

(plaintiff refers to "Legacy Citizenship") relegates him to the status of "undetermined" or "undefined" citizenship.

Summarizing these allegations to some extent, the amended complaint alleges as follows: "That the singular question of this Action having, hitherto, remained undefined or addressed by Act's of Congress or by Proclamation of the Executive in the preceding 222 years leaves Claimant only this venue upon which to seek redress or grievance, in that these Courts have upon numerous occasions ruled on Citizenship Status under the Law confirming on the one hand the doctrine of Jus Soli, (XIV Amendment), and on the other hand, Jus Sanguinis, (much of the Naturalization Laws), but having not received the question of the legal definition of that nature of Citizenship derived by both Jus Soli and Jus Sanguinis found in the Claimants [sic] understanding of the definition of 'Natural Born Citizen' even this Court leaves only clues of it's [sic] understanding of the question in it's [sic] archives of Jurisprudence.'" (The proposed Amended Complaint is attached to the motion, doc. n. 11, as Ex. 1.) Thus, the Amended Complaint recognizes that the type of relief sought in this action would ordinarily be sought from a legislative body or from the executive branch.

The amended complaint concludes by seeking a declaratory judgment regarding "[t]he legal definition of 'Natural Born Citizen' and a means of obtaining Certification of such by any and all Citizens with the attributes defined within that definition, who so desire, with Amended Form N-600 Application for Certificate of Citizenship, Department of Homeland Security, U.S. Citizenship and Immigration Services, free of Fee's [sic] and as a 'Legacy Grant'." (Doc. no. 11, p. "X".) Thus, the Amended Complaint appears to ask this court to generally address the definition and differences between natural born citizens and naturalized citizens as proposed by the plaintiff, and

asks the court to require the federal government to create a certification process by which a natural born citizen could obtain certification of that fact.

Having carefully reviewed the proposed amended complaint for jurisdictional purposes and to determine whether it states a claim for relief, the court finds that it meets neither standard here. For example, the proposed First Amended Complaint presents no "case or controversy" within the meaning of Article III of the United States Constitution. Therefore, the federal courts do not have jurisdiction over plaintiff's contentions, which do not establish any type of dispute cognizable in the federal courts. On its merits, the proposed First Amended Complaint so clearly fails to state the type of claim cognizable in a federal court, that it is, in the legal sense of the term, frivolous. It is therefore subject to dismissal under both Rule 12(b)(1), because it arguably fails to include a non-frivolous federal question on its face, and also under Rule 12(b)(6) assuming jurisdiction exists. To allow the amended complaint to be filed, to be served, and to pend while waiting for the inevitable motion to dismiss from the defendant, would waste judicial resources and would not serve the interests of justice.

<u>Rulings</u>

After careful consideration, plaintiff's motion for leave to amend is **DENIED**. Alternatively, if the court is required to allow the amendment as a matter of course, and if it does so and deems the proposed First Amended Complaint filed, the First Amended Complaint is then **DISMISSED** under Rule 12(b)(1), Fed. R. Civ. P., for lack of subject matter jurisdiction, and under Rule 12(b)(6) for failure to state a claim. Further leave to amend would be futile and is not given.

In these circumstances, where an opportunity has already been given to submit a sufficient amended complaint, where both the original complaint and the proposed amended complaint clearly fail to state a cognizable claim for judicial relief, and

where further amendment is futile, the dismissal should be with prejudice. Accordingly, this action is hereby **DISMISSED** with prejudice.[2]

Dated this 16th day of April, 2009.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0343p002.wpd

---

[2] The court is informed that plaintiff has inquired with the court clerk about service of his new papers and the instant order. In light of the dismissal of this action, plaintiff is advised that neither he nor the United States Marshal's Office need serve any papers. The court's deputy clerk will advise the Marshal's Office that this action has been dismissed.