FILED
United States Court of Appeals
Tenth Circuit

**August 5, 2009**

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENH CIRCUIT

---

STEVEN LEE CRAIG,

    Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

    Defendant - Appellee.

No. 09-6082
(D.C. No. CV-09-343-F)
(W.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.

---

Plaintiff-Appellant Steven Lee Craig appeals from the district court's dismissal of his claims against the United States. Exercising jurisdiction pursuant to 28 U.S.C. § 1291 and affording solicitous consideration to Mr. Craig's pro se filings, *see Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007), we affirm the district court's order insofar as it dismisses the action, but we remand to the district court to modify the dismissal to be without prejudice.

---

[*] This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After examining the Plaintiff's brief and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a). The case is therefore ordered submitted without oral argument.

# BACKGROUND

The district court granted *in forma pauperis* status to Mr. Craig at the time he filed his first pro se complaint against the United States, in which he alleged a violation of his civil rights under 42 U.S.C. § 1983.  The district court sua sponte dismissed this first complaint as frivolous and advised Mr. Craig that he could seek leave to amend his complaint.  Mr. Craig then filed a motion for leave to amend and submitted a proposed amended complaint.  The district court denied leave to amend.  Alternatively, it deemed Mr. Craig's amended complaint to be filed.  The court then sua sponte dismissed the action *with* prejudice for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).  The district court entered judgment for the United States, and Mr. Craig now appeals.[1]

As explained by the district court, Mr. Craig's first complaint and his proposed amended complaint—as well as his motion for declaratory judgment and motion for class certification—primarily addressed the alleged distinction

---

[1]     Although it is not entirely clear from the district court's docket, it appears that the United States was not properly served with the first complaint. Although a party proceeding *in forma pauperis* is entitled to have the summons and complaint served by a marshal or an officer of the court, *see* Fed. R. Civ. P. 4(c)(3), the district court advised Mr. Craig that he need not serve the amended complaint on the United States in light of the dismissal of the action. *See* R., Vol. I, Doc. 13, at 6 n.2.  The district court dismissed the case prior to the expiration of the deadline for service, which is 120 days after the filing of the complaint. *See* Fed. R. Civ. P. 4(m).  Thus, the United States has not been served and has not appeared as a party in this case. *Cf. Farmer v. Perrill*, 275 F.3d 958, 960 n.2 (10th Cir. 2001) (noting that it was permissible to extend judgment of dismissal to unserved, nonappearing defendants when claims against those defendants were barred).

between the rights of citizenship that attach to naturalized citizens and those that attach to natural-born citizens.  Mr. Craig asserted that he, as a "Legacy," or natural-born citizen, suffered from discrimination due to "exclusion of distinctions" and "omission of acknowledgement" due to Congress's failure to enact laws recognizing this distinction, whereas it has enacted laws defining the requirements to become a naturalized citizen.  R., Vol. I, Doc. 11 Attach. 1 at III-IV, VII.  Mr. Craig thus sought redress in the form of a declaratory judgment defining "natural born Citizen," as it appears in art. II, § 1, cl. 4 of the Constitution, and providing a means for citizens bearing that moniker to obtain certification of that fact from the federal government, as well as punitive damages.  R., Vol. I, Doc. 11 Attach. 1 at I-II, X.

Though it is somewhat difficult to distill Mr. Craig's arguments on appeal, he continues to assert that due to the lack of a legal definition for natural-born citizen, the existence of citizens who are naturally born, as understood by the Constitution's Framers, is no longer acknowledged.  According to Mr. Craig, this has resulted in the "involuntary expatriation" of those whom he believes fall into this category of citizens.  Mr. Craig argues that the definition is knowable, and he proffers a definition from a 1758 Swiss philosophical treatise.  He further argues that the district court should legally define "natural born Citizen" in an effort to prevent the deprivation of citizenship legacy, as contemplated by the Constitution, and the diminution of his and purported class members' "rights and intrinsic property as . . . multi-generational citizen[s]."  Aplt. Opening Br. at 15.

## DISCUSSION

The district court denied Mr. Craig's request for leave to file an amended

complaint because it determined that the proposed amended complaint would still be jurisdictionally defective. We generally review the district court's denial of leave to amend for abuse of discretion. *Merida Delgado v. Gonzales*, 428 F.3d 916, 921 (10th Cir. 2005). "Where the decision was based on futility of amendment, however, we review de novo whether the complaint, as amended, would withstand a jurisdictional challenge." *Id.* Here, as discussed in greater detail below, Mr. Craig's amended complaint does not withstand a jurisdictional challenge.

We agree with the district court that even if the amended complaint were deemed filed, dismissal of this action would be proper. Although we construe a pro se litigant's pleadings liberally, parties proceeding pro se must follow the same procedural rules that govern other litigants. *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Federal courts have a duty to determine their own jurisdiction whether or not the parties raise the issue. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). In reviewing the sufficiency of a complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction, the court "must accept the allegations in the complaint as true." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

The district court correctly determined that it lacked subject-matter jurisdiction over this case. Where a complaint seeks recovery directly under the Constitution or the laws of the United States, an exception to subject matter jurisdiction lies when "'such a claim is wholly insubstantial and frivolous.'" *See*

*Davoll v. Webb*, 194 F.3d 1116, 1129 (10th Cir. 1999) (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)); *accord Steel Co. v Citizens for a Better Envt.*, 523 U.S. 83, 89 (1998) ("Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." (internal quotation marks omitted)).

In *Cardtoons, L.C. v. Major League Baseball Players Ass'n*, we explained that "[d]ismissal of a complaint for lack of subject matter jurisdiction would only be justified if 'that claim were so attenuated and unsubstantial as to be absolutely devoid of merit' or 'frivolous.'" 95 F.3d 959, 965 (10th Cir. 1996) (quoting *Baker v. Carr*, 369 U.S. 186, 199 (1962)).  Having carefully reviewed Mr. Craig's amended complaint, we find that it is "very plain," *Baker*, 369 U.S. at 199, that his "alleged claim under the Constitution or federal statu[t]es" falls within this "wholly insubstantial and frivolous" category such that federal jurisdiction is not extant.  *See Davoll*, 194 F.3d at 1129.

Mr. Craig has no legally cognizable right to be deemed "the First Legally recognized 'Natural Born American Citizen'" or "the Last" of them.  R., Vol. I, Doc. 11 Attach. 1, at VII.  Mr. Craig's amended complaint does not describe any unlawful discrimination that he has suffered or will suffer due to the allegedly "extensive opportunities of immigrants and naturalized citizens to obtain, protect

and preserve their status."[2]  *Id.* at IV.  Even liberally construed, Mr. Craig's claim

is not grounded in a constitutional or federal question: there is no such "right" (a)

to have courts adopt his proffered legal definition, (b) to be classified as a citizen

pursuant to that definition, or (c) to obtain certification of the status he attempts

to define.

Insofar as Mr. Craig is attempting to assert a deprivation of due process, an

Eighth Amendment argument (i.e., that he is being unlawfully denationalized or

expatriated), or another constitutional violation there is no indication from his

complaint that he is being deprived of his citizenship or rights thereof—only that

---

[2]    In any case, the Supreme Court long has rejected the notion that
naturalized citizens may or should possess rights different from those of other
citizens under the law:

> We start from the premise that the rights of citizenship of the native
> born and of the naturalized person are of the same dignity and are
> coextensive.  The only difference drawn by the Constitution is that only the
> "natural born" citizen is eligible to be President.  Art. II, § 1.

> While the rights of citizenship of the native born derive from §
> 1 of the Fourteenth Amendment and the rights of the naturalized
> citizen derive from satisfying, free of fraud, the requirements set by
> Congress, the latter, apart from the exception noted, "becomes a
> member of the society, possessing all the rights of a native citizen,
> and standing, in the view of the constitution, on the footing of a
> native.  The constitution does not authorize Congress to enlarge or
> abridge those rights.  The simple power of the national Legislature, is
> to prescribe a uniform rule of naturalization, and the exercise of this
> power exhausts it, so far as respects the individual."

*Schneider v. Rusk*, 377 U.S. 163, 165-66 (1964) (quoting *Osborn v. Bank of U.S.*,
22 U.S. (9 Wheat.) 738, 827 (1824)); *see also Osborn*, 22 U.S. (9 Wheat.) at 827-
28 ("[The naturalized citizen] is distinguishable in nothing from a native citizen,
except so far as the constitution makes the distinction.  The law makes none.").

he wishes to receive a specifically defined status as a certain type of citizen bearing the "legacy" designation that he has devised. *Cf. Heffington v. Bush*, No. 09-3052, 2009 WL 1803282, at *1 (10th Cir. June 25, 2009) (holding that the district court lacked subject-matter jurisdiction over plaintiff's claims where they were both insubstantial and barred for various reasons). Thus, Mr. Craig's claim is sufficiently attenuated, insubstantial, and frivolous that the district court's dismissal of this case under Fed. R. Civ. P. 12(b)(1) was not in error. *See Cardtoons*, 95 F.3d at 965; *see, e.g.*, *Kroll v. Finnerty*, 242 F.3d 1359, 1362, 1365-66 (Fed. Cir. 2001) (holding that plaintiff's sole basis for alleging federal jurisdiction was so unfounded and devoid of merit as to warrant dismissal for lack of subject-matter jurisdiction).

Moreover, there are other flaws in Mr. Craig's demonstration of subject-matter jurisdiction that warrant dismissal of his case. For example, we agree with the district court that the amended complaint did not present a "case or controversy" within the meaning of Article III of the Constitution. "One of the most important doctrines within" this case or controversy requirement is the doctrine of standing, which "focuses upon whether a particular litigant is entitled to have a federal court decide the merits of the particular dispute." *Raiser v. United States*, 325 F.3d 1182, 1183 (10th Cir. 2002). To satisfy Article III's standing requirements, the plaintiff bears the burden of demonstrating:

> (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a

favorable decision.

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000). According to Mr. Craig, the fact that no citizen has claimed the status of citizenship by virtue of being naturally born is itself a case or controversy, and the deprivation of legacy citizenship constitutes a cognizable penalty (i.e., injury). However, as suggested by the discussion above, Mr. Craig's contentions actually are bottomed on the notion he has not been given a specifically defined citizenship status, not that he has been deprived of identified and concrete citizenship rights contemplated by the Constitution and other federal law. Such contentions do not demonstrate an injury in fact sufficient to establish standing; consequently, the district court appropriately determined that it lacked subject-matter jurisdiction over the claims in Mr. Craig's amended complaint.

The district court additionally determined that the amended complaint failed to state a claim upon which relief could be granted, *see* Fed. R. Civ. P. 12(b)(6), and so it dismissed Mr. Craig's case *with* prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leaving to amend would be futile."). Because the court lacked jurisdiction to consider the merits of the case, however, it was precluded from making this merits-based determination, and dismissal with prejudice was improper. *Id.* at 1218 ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying

claims.  A suit dismissed for lack of jurisdiction cannot *also* be dismissed 'with prejudice'; that's a disposition on the merits, which only a court with jurisdiction may render." (citation, parentheses, and internal quotation marks omitted)); Fed. R. Civ. P. 41(b); *cf. Heffington*, 2009 WL 1803282, at *1 (remanding for district court to dismiss without prejudice).  Mr. Craig's failure to show that his complaint could be amended to establish subject-matter jurisdiction, "while justifying the denial of leave to amend his complaint" and the dismissal of this action, "did not justify the entry of a dismissal with prejudice." *Brereton*, 434 F.3d at 1219.

## CONCLUSION

For the reasons outlined above, we **AFFIRM** the substance of the district court's order, but **VACATE** the portion of it that refers to the dismissal as being *with* prejudice.  We **REMAND** to the district court with instructions to dismiss the case *without* prejudice for lack of jurisdiction.  Mr. Craig's pending motions

are **DENIED** as moot.[3]

Entered for the Court


Jerome A. Holmes
Circuit Judge

---

[3]    In his appellant brief and in two separate documents, Mr. Craig
moves this court to suspend the district court's local rules, an act he appears to
believe would permit him to file a second amended complaint, which he also
submitted.  In light of our disposition of this case, we deny these motions as
moot.  In any event, based upon our review of the proposed second amended
complaint, we are confident that allowing Mr. Craig leave to file yet another
incarnation of his complaint would be futile.  *See Anderson v. Merrill Lynch
Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008) ("A proposed
amendment is futile if the complaint, as amended, would be subject to dismissal."
(internal quotation marks omitted)).

**UNITED STATES COURT OF APPEALS**
**FOR THE TENTH CIRCUIT**
**OFFICE OF THE CLERK**
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

| | | |
|---|---|---|
| Elisabeth A. Shumaker<br>Clerk of Court | August 05, 2009 | Douglas E. Cressler<br>Chief Deputy Clerk |

Steven Lee Craig
1309 Hisel Rd
Del City, OK 73115

**RE:     09-6082, Craig v. United States**
      District docket: 5:09-CV-00343-F

Dear Counsel:

Enclosed is a copy of the order and judgment.

Please contact this office if you have questions.

Sincerely,

Elisabeth A. Shumaker

Elisabeth A. Shumaker
Clerk of the Court

EAS/ao